ON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Jess John Wood, Jr., to sit for the Louisiana Bar Examination based on character and fitness concerns relating to his record of criminal and traffic offenses. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Wood, 11-1288 (La.6/22/11), 64 So.3d 206.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we remanded this matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence. During the proceedings, petitioner agreed to be evaluated by the Lawyers Assistance Program (“LAP”). The evaluator subsequently recommended further evaluation, which to date petitioner has not completed.
This matter proceeded to a hearing before the commissioner. Following the hearing, the commissioner filed his report with this court, in which he concluded that given petitioner’s failure to comply with LAP’s recommendation for further evaluation, no determination can be made at this time as to his fitness to practice law.[1] The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11). At oral argument, petitioner’s counsel conceded that petitioner has been unable to comply with LAP’s recommendation due to financial concerns.
After hearing oral argument, reviewing the evidence, and considering the law, we conclude that, at this time, petitioner has failed to meet his burden of proving that he possesses the requisite fitness to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5. Accordingly, it is ordered that the application for admission be and hereby is denied. Pursuant to Supreme Court Rule XVII, § 9(D)(13), petitioner may re-apply for admission upon a showing that he has complied with any and all recommendations made to him by the Lawyers Assistance Program.
ADMISSION DENIED.

. The commissioner did not find that petitioner’s criminal and traffic offenses presented any issues of good moral character,